**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ZAPMEDIA SERVICES, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-104-DF-CE |
| | § | |
| APPLE INC. | § | |

## ORDER

Pending before the court is the defendant's motion to stay this litigation (Dkt. No. 55). Both of the patents-in-suit, U.S. Patent Nos. 7,020,704 and 7,343,414, are currently subject to *inter partes* reexamination proceedings.

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

The court has considered the above factors and the circumstances of this case, including the October trial setting and timing of the request for reexamination. The court does not believe that a stay is appropriate, and thus the defendant's motion to stay is DENIED.

SIGNED this 7th day of January, 2010.

                                              _____
                                              CHARLES EVERINGHAM IV
                                              UNITED STATES MAGISTRATE JUDGE